# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CT-00608-SCT

*EARL CHILDS, LORI GORDON, AMELIA KILLEEN, DAVID WHEELER AND MARIA BEARD*

*v.*

*HANCOCK COUNTY BOARD OF SUPERVISORS, PARADISE PROPERTIES GROUP, L.L.C. AND KUDO DEVELOPERS OF MISSISSIPPI, L.L.C.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/10/2006 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | ROBERT B. WIYGUL |
| ATTORNEYS FOR APPELLEES: | WILLIAM E. WHITFIELD, III |
| | RONALD J. ARTIGUES, JR. |
| | ALBERT RALPH JORDAN, IV |
| | DONALD RAFFERTY |
| | JOSEPH R. MEADOWS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED - 02/05/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1. The Hancock County Board of Supervisors ("Board"), on its own initiative, sought to amend its zoning ordinances and to designate approximately one thousand acres of coastal property to a commercial resort classification. Aggrieved, a group of citizens appealed the decision of the Board to the Hancock County Circuit Court. The circuit court confirmed the action of the Board. Five individuals filed this appeal, which was assigned to the Court of Appeals. The Court of Appeals found the Board failed to present clear and convincing evidence of a change in character of the property sought to be rezoned, thus overriding the decision of the Board and the circuit court.

¶2. Pursuant to Mississippi Rule of Appellate Procedure 17(a), we granted the Board's petition for writ of certiorari.

## FACTS AND PROCEDURAL HISTORY

¶3. In 1997, the Board adopted zoning ordinances and a comprehensive zoning map. In 2005, the Board undertook to reclassify a large portion of waterfront coastal property to a commercial resort classification. *Childs v. Hancock County Bd. of Supervisors,* 2007 Miss. App. LEXIS 748, *2 (Nov. 6, 2007). The area involved was approximately one thousand acres.

¶4. Hancock County utilizes a two-tiered process when implementing changes in its comprehensive zoning plan. "First, a Planning Commission reviews issues concerning zoning classifications and re-zoning and then submits its recommendations to the Board of Supervisors. Afterwards, the Board of Supervisors then accepts or rejects the Planning Commission's recommendations." *Id.*

¶5.    The Hancock County Planning and Zoning Commission ("Planning Commission") reviewed studies and conducted research on how best to promote development in the subject area. Included in this effort, inter alia, was the consideration of zoning regulations from other jurisdictions, a report on the rehabilitation of obsolete subdivisions, a Mississippi Department of Transportation policy statement on removal of auto junkyards, a policy paper on reducing sewer effluents from septic tanks, and proposals for limiting outdoor billboard signs.[1] The Planning Commission then held a properly advertised public hearing and proposed to create a zoning classification, which would be known as C-4. The C-4 classification "would allow for condominiums, apartments, hotels, motels, or 'tourist accommodation facilities' of potentially unlimited height." *Id.* In attendance at this hearing were supporters as well as opponents of the proposed zoning classification. The Planning Commission gave everyone present an opportunity to speak and present evidence.

¶6.    Subsequently, the Planning Commission unanimously agreed to recommend the adoption of a C-4 classification. Following the adoption of this classification, the Planning Commission reviewed the studies and research and also considered the information and testimony provided by those who appeared at the hearing. It then considered whether to designate the property at issue as C-4.

¶7.    Based upon all the evidence before it, the Planning Commission unanimously voted to designate the property as C-4. It adopted the following resolution:

---

[1]This evidence was not referenced in the Court of Appeals opinion.

WHEREAS, this Commission has proposed a certain amendment to the Hancock County Zoning Map and has conducted a public hearing on said map amendment as required by the Zoning Ordinance and by the laws of the State of Mississippi; and

WHEREAS, this Commission finds as follows with respect to the said map amendment:

1. Conditions have changed in and around the area sought to be rezoned which make an amendment to the Zoning Map necessary and desirable and in the public interest.

2. The proposed map amendment is consistent with the goals and objectives of the Comprehensive Plan of Hancock County, Mississippi.

3. Existing uses of the property within the general area of the property in question do not conflict with and are compatible with and consistent with commercial resort uses.

4. The property in question is currently zoned C-2 (Highway Commercial) in part, R-2 (Medium Density Residential) in part and A-1 (General Agricultural) in part, but is now being planned for commercial resort uses to compliment and support the new Bayou Caddy Casino which is scheduled to begin operation later this year.

5. The property in question is not suited for commercial, residential and agricultural uses but rather is more ideally suited for the kinds of uses allowed in a C-4 Commercial Resort District.

6. That the trend of development in the general area of the property in question calls for more commercial resort uses to support the commercial and recreational uses which will develop in conjunction with the Bayou Caddy Casino and the new sand beach adjacent thereto.

NOW THEREFORE, BE IT RESOLVED that this Commission recommend to the Board of Supervisors of Hancock County, Mississippi, that the zoning classification of the following described property be changed from C-2 (Highway Commercial), R-2 (Medium Density Residential) and A-1 (General Agricultural) to C-4 (Commercial Resort):

That certain property bounded by the Mississippi Sound on the East and Southeast; the centerline of Poinset Avenue on the East and Northeast and extending in a Northwesterly direction to the Southern line of the railroad right

4

of way, the railroad right of way on the Northwest and the centerlines of Turkey Bayou and Bayou Caddy on the West and South.

*Id.* at *4-5.

¶8.     The resolution then came before the Board, which considered the findings and recommendations of the Planning Commission. The Board adopted the Planning Commission's recommendation, and in its finding, "incorporate[d] by reference the entire record from the Hancock County Planning/Zoning Commission, all findings and public hearings held by the Commission, and all documents reviewed and relied upon by the [Commission]." *Id.*

¶9.     Citizens Earl Childs, Lori Gordon, Amelia Killeen, David Wheeler, and Maria Beard (collectively "Childs") opposed the reclassification.[2] Childs filed a Bill of Exceptions in the Hancock County Circuit Court appealing the decision of the Board. Subsequently, Paradise Properties Group, LLC and Kudo Developers of Mississippi, LLC filed separate motions to intervene, contending that the decision of the Board was not arbitrary or capricious, and that the Bill of Exceptions should be dismissed.

¶10.     This matter came on for hearing before the circuit court. After briefing, the circuit court issued an opinion affirming the decision of the Board. The circuit court found,

> The record reflects that there was substantial evidence to support the adoption of the new zoning district. There was substantial evidence that there was sufficient change in conditions to justify the creating of the new zone, the adopting of the C-4 district was supported by a majority of the residents, that the Board considered the public need and determined the public need supported the adoption of the ordinance. . . . The court finds that the Board's

_____

[2]These citizens owned property adjacent to the area sought to be rezoned. These citizens neither owned nor resided in the area at issue.

5

adoption of the zoning ordinance amendments was a valid, legal function of the Board, was not arbitrary or capricious, and was based upon substantial evidence. The record demonstrates that the Board's action was thoroughly considered and based upon detailed and voluminous evidence.

¶11. Childs appealed the decision, and the appeal was heard was by the Court of Appeals. The Court of Appeals reversed the decision of the circuit court. *Id.* at *19. Pursuant to Mississippi Rule of Appellate Procedure 40, the Board timely filed a Motion for Rehearing, which was denied by the Court of Appeals.

¶12. The Board then petitioned for writ of certiorari to this Court, which was granted. The Board presents the following issue to this Court:

> Whether the Court of Appeals rendered a decision in conflict with Mississippi Supreme Court precedent by requiring the Board to shoulder the burden of proof on appeal and by applying the wrong burden of proof to the Board's showing that the character of the property at issue had changed.

## STANDARD OF REVIEW

> The classification of property for zoning purposes is a legislative rather than a judicial matter. The order of the governing body may not be set aside unless it is clearly shown to be arbitrary, capricious, discriminatory, or is illegal, or without a substantial evidentiary basis. The action of the Board of Supervisors in enacting or amending an ordinance, or its action of rezoning, carries a presumption of validity, casting the burden of proof upon the individual or other entity asserting its invalidity. On appeal we cannot substitute our judgment as to the wisdom or soundness of the Board's action. We have stated that where the point in controversy is "fairly debatable," we have no authority to disturb the action of the zoning authority.

*Faircloth v. Lyles*, 592 So. 2d 941, 943 (Miss. 1991) (internal citations omitted). "'Fairly debatable' is the antithesis of arbitrary and capricious." *Town of Florence v. Sea Lands, Ltd.*, 759 So. 2d 1221, 1223 (Miss. 2000) (citation omitted).

6

## ANALYSIS

**Whether the Court of Appeals rendered a decision in conflict with Mississippi Supreme Court precedent by requiring the Board to shoulder the burden of proof on appeal and by applying the wrong burden of proof to the Board's showing that the character of the property at issue had changed.**

¶13. Under Mississippi law, a clear distinction exists between the burden an individual must meet when requesting that a parcel of property be rezoned and the burden which is required on appeal to overturn the presumptively valid zoning decision of a local governing body. "Before property is reclassified, an applicant seeking rezoning must prove by clear and convincing evidence either that (1) there was a mistake in the original zoning, or (2) the character of the neighborhood has changed to such an extent as to justify rezoning and that a public need exists for rezoning." *Bridge v. Mayor and Bd. of Aldermen of Oxford*, 2008 Miss. LEXIS 446, *4 (Sept. 11, 2008) (citations omitted). The Planning Commission specifically found conditions had changed in and around the area sought to be rezoned which made an amendment necessary and desirable and in the public interest, inter alia.

¶14. Although in its minutes the Board did not make additional findings, it adopted the Planning Commission's findings, and recounted them as its own, by incorporating by reference the entire record, findings and testimony from public hearings, and all documents reviewed and relied upon by the Planning Commission. The Court of Appeals, without citation to authority, found fault with this, twice mentioning that the Board made no findings of its own. However, "hearsay evidence may be admitted and considered by the Board in making it decision." *Faircloth,* 592 So. 2d at 943 (citation omitted). The Board considered that there was a lack of development or prospective development. The Board submits that it

7

was approached by various companies requesting assistance with proposals for real estate development. First the Planning Commission and then the Board found that new zoning regulations were needed to foster a higher quality of development.

¶15. The Board found that there was a public need for a resort development classification in order to channel economic development in the area. The Planning Commission was presented with oral, as well as documentary, evidence that the property at issue was in decline and that resort property could potentially bring revitalization. At the hearing in front of the Planning Commission, citizens spoke of the need for recreational and employment opportunities for the young people of Hancock County and also of their concern that the current zoning classification may allow for establishments such as "gentleman's clubs."

¶16. The Board properly considered its own familiarity with Southwestern Hancock County and determined there was a need for rezoning. "In determining the factual issues in rezoning, the Board could consider not only the information obtained at the hearing but also their own common knowledge and the familiarity with the ordinance area." *Id.* (citation omitted).

¶17. The record reveals the Board instituted the proper procedure for a classification change. Additionally, the record reveals no basis for us to find that the Board erred in relying on the recommendations and submissions of the Planning Commission, which included testimony from citizens of the area.

¶18. The Court of Appeals' opinion centered upon a perceived absence of comparable findings, *i.e.*, the character of the subject property at the time of original zoning, without addressing the body of substantial evidence before the Commission and Board, and further

failed to recognize the right of the Board to consider its own common knowledge and familiarity with the area. The task of the Court of Appeals, as is ours, is to determine whether the circuit court erred in its judicial review of whether the Board's decision to rezone was arbitrary and capricious and unsupported by substantial evidence.

> 'The classification of property for zoning purposes is a legislative rather than a judicial matter.' The order of a governing body may not be set aside unless it is shown to be arbitrary, capricious, discriminatory, or is illegal, or without a substantial evidentiary basis. In other words, the judicial department of the government of this state has no authority to interdict either zoning or rezoning decisions which may be said 'fairly debatable.'

*Fondren N. Renaissance v. Mayor of Jackson*, 749 So. 2d 974, 977 (Miss. 1999).

¶19.    Judicial review is limited to determining whether there was a substantial evidentiary basis for the Board's decision. It is not the role of the judiciary to reweigh the evidence, but rather to verify if substantial evidence exists. "Neither the circuit court nor the Supreme Court has the power to tamper with municipal zoning unless the zoning decision is shown to be arbitrary, capricious, discriminatory, illegal, or without substantial evidentiary basis." *Heroman v. McDonald*, 885 So. 2d 67, 70 (Miss. 2004) (citations omitted). We find the Board had substantial evidence before it, and thus its decision, although unsatisfactory to the contestants, was nonetheless fairly debatable.

¶20.    When contesting a rezoning classification, the burden of proof is on "the individual or other entity asserting its invalidity." *Faircloth,* 592 So. 2d at 943. This Court has held,

> [A]ll presumptions must be indulged in favor of the validity of zoning ordinances. It is presumed to be reasonable and for the public good. It is presumed that the legislative body investigated it and found conditions such that the action which it took was appropriate. The one assailing the validity has the burden of proof to establish that the ordinance is invalid or arbitrary or

9

unreasonable as to his property, and this must be by clear and convincing evidence.

***Ballard v. Smith***, 234 Miss. 531, 546-547 (Miss. 1958) (citing ***Holcomb v. City of Clarksdale***, 217 Miss. 892, 65 So. 2d 281 (1953) (emphasis added)).

¶21.   As articulated by the trial court in its judgment, the burden of proof was first on the Board to prove by clear and convincing evidence that the area needed to be rezoned. However, once the Board established the ordinance, the burden shifts to the one assailing its validity to prove that the Board acted in an arbitrary and capricious manner. After considering the evidence before him, the circuit judge concluded that the Board properly considered the substantial evidence before it and rendered its decision accordingly.

> The standard of review employed by both this Court and the circuit court is well established. The circuit court has no authority to intervene unless the Commission's decision is arbitrary and capricious, a standard we have equated with our familiar substantial evidence rule limiting our scope of review of trial court findings of evidentiary and ultimate fact.

***Mississippi Real Estate Comm'n v. Anding***, 732 So. 2d 192, 196 (Miss. 1999) (citations omitted). Furthermore, "If the Board's decision is founded upon substantial evidence, then it is binding upon an appellate court, i.e., the Circuit Court, the Court of Appeals and this Court. This is the same standard of review which applies in appeals from decisions of other administrative agencies and boards." ***Perez v. Garden Isle Cmty. Ass'n***, 882 So. 2d 217, 220 (Miss. 2004). In its decision, the Court of Appeals supplanted the Board's interpretation of the evidence with its own. However, this is not a prerogative a court enjoys. "The reviewing court is concerned only with the reasonableness of the administrative order, not its

10

correctness." *Citizens Ass'n for Responsible Dev., Inc. v. Conrad Yelvington Distribs.*, 859 So. 2d 361, 367 (Miss. 2003) (citation omitted).

## CONCLUSION

¶22. Finding that the Court of Appeals improperly substituted its judgment for that of the Board, and subsequently the circuit court, we reverse the decision of the Court of Appeals and reinstate and affirm the decision of the Planning Commission, Board of Supervisors, and the Circuit Court of Hancock County.

¶23. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, LAMAR, KITCHENS, AND PIERCE, JJ., CONCUR. GRAVES, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. CHANDLER, J., NOT PARTICIPATING**.