# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00777-COA

**CITY OF BILOXI, MISSISSIPPI**                                    **APPELLANT**

**v.**

**MATTHEW J. McDONALD AND JENNIFER**                              **APPELLEES**
**McDONALD**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/06/2023 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | DAVID A. WHEELER |
| ATTORNEY FOR APPELLEES: | WAYNE L. HENGEN |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 10/08/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**BARNES, C.J., FOR THE COURT:**

¶1. Matthew and Jennifer McDonald filed an application with the City of Biloxi (City), seeking a conditional-use permit for the short-term rental of their single-family residence (subject property). The City's planning commission voted to recommend approval, but the Biloxi City Council (Council) denied the conditional-use permit.

¶2. The McDonalds appealed the Council's denial of the permit with the Harrison County Circuit Court. The circuit court reversed, finding that the Council's decision was not supported by substantial evidence and was arbitrary and capricious. The City appeals the court's ruling. Finding no error, we affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶3. The McDonalds, residents of Michigan, purchased the subject property located at 119 St. George Avenue in Biloxi, Mississippi, on July 29, 2021.[1] They filed an application with the City for a conditional-use permit, requesting approval to utilize the subject property as a short-term rental. On December 2, 2021, the City's planning commission held a public hearing and recommended approval of the McDonalds' request, but the Council subsequently voted to deny the application on January 4, 2022.

¶4. The McDonalds reapplied for the conditional-use permit on April 1, 2022, after making substantial alterations to the subject property costing approximately $70,000 (i.e., installing a new driveway and a privacy fence along the west and north property lines) in an effort to address their neighbors' concerns. At a public hearing on May 5, 2022, the planning commission again reviewed the McDonalds' application, taking into consideration the following nine conditional-use standards:

    a. The Conditional Use complies with all applicable zoning district standards;

    b. The Conditional Use complies with all Use-Specific Standards;

    c. The Conditional Use is compatible with the character of surrounding lands and the uses permitted in the zoning district(s) of surrounding lands;

    d. The Conditional Use avoids significant adverse odor, noise, glare, and vibration impacts on surrounding lands regarding refuse collection, service delivery, parking and loading, signs, lighting, and other site elements;

    e. The Conditional Use is configured and designed to screen, buffer, or otherwise minimize adverse visual impacts on adjacent lands;

---

[1] The house was built in 2017.

2

f.      The Conditional Use avoids significant deterioration of water and air resources, wildlife habitat, scenic resources, and other natural resources;

g.      The Conditional Use maintains safe and convenient ingress and egress and traffic flow onto and through the site by vehicles and pedestrians, and safe road conditions around the site;

h.      The Conditional Use allows for the protection of property values and the ability of neighboring lands to develop uses permitted in the zoning district; and

i.      The Conditional Use complies with all other relevant city, state and federal laws and regulations.

The McDonalds discussed the changes they had recently made to the subject property in an effort to appease "neighbor's objections," and the McDonalds submitted two letters from local realtors in support of the application. Several neighboring landowners stated their concern that permitting the subject property to be used as a short-term rental would adversely affect the residential neighborhood. The planning commission voted (8-3) to recommend approval of the permit, concluding:

> [T]he proposed Conditional Use had been found to be in compliance with the Land Development Ordinance, and finding also that this Short-Term Rental use promotes the public interest at this location; that said use has been designed, located and proposed to be operated so that the public health, safety and welfare will be protected; that said use will not cause substantial injury to other properties in the neighborhood in which located; and that the use proposed conforms to all zoning district regulations of the an RM-30 High-Density Multi-Family Residential zoning district[.]

A public hearing before the Council was then held on May 17, 2022.

¶5. Councilman George Lawrence immediately moved to deny the McDonalds' application, arguing that the subject property was "sitting inside of a neighborhood" and that

3

the nine conditional-use standards had not been met. Matthew McDonald told the Council that when he purchased the subject property, he did his "due diligence" and was assured that the property's zoning classification allowed short-term rentals. He outlined the $70,000 in alterations made to the subject property (i.e., moving the driveway, installing a privacy fence, and providing parking for eight cars). Matthew also noted that an adjacent property directly on Highway 90 across from the beach had already been approved for short-term rentals. That property's owner, Barney Foster, would be the McDonalds' property manager if their conditional-use application was approved. The City's police chief told the Council that he was unaware of any complaints that had been received concerning Foster's short-term rental property.

¶6. Councilperson Dixie Newman noted that a hotel had formerly been at that location. She explained that the land previously had been one parcel extending from Beach Boulevard (Highway 90) to Avalon Street and had since been subdivided into the two properties.[2] The City's planning director, Jerry Creel, further clarified that the subject property's zoning classification (RM-30) allows for short-term rentals and apartment buildings (up to four stories) and that there was already an apartment complex across the street. Councilman Robert Deming said that he did not foresee any impact on the "residential neighbors . . . in any way, shape or form," observing that the subject property is "next to other multifamily developments" and "just north of a short-term rental that's on the beach."

¶7. Sid Trahan was the only neighboring landowner who attended the hearing to oppose

---

[2] The McDonalds' house is on the north portion, and the Foster house is on the south portion of the parcel.

4

the application. Trahan questioned the legality of the alterations the McDonalds had made to the property, noting that the house had only one door (facing Highway 90) and that there was no gate for the fence. Creel, however, reassured the Council that there had been nothing "illegal or unethical done on this" and that the subject property complied with the City's fire codes and variances. The Council denied the application by a 4-3 vote, stating in its resolution that "the request does not meet the requirements of the Conditional Use for reasons discussed during the meeting."

¶8. The McDonalds appealed the Council's decision to the circuit court, and a hearing was held on February 16, 2023. The City's attorney argued that six "surrounding landowners object[ed] to the short-term rental use being allowed" (at the planning commission hearing), claiming that "it impacted the value of their properties and their enjoyment of their neighborhood." Counsel for the McDonalds explained to the court that the area where the subject property was located was zoned for short-term rentals and that the adjacent property was "already a short-term rental."

¶9. The circuit court reversed the Council's decision, holding "that the McDonalds proved by a preponderance of the evidence that they met the elements/factors essential to obtaining the conditional use permit." Furthermore, noting the Council's failure to address the individual conditional-use standards at the hearing, the court determined that the City had not supported its decision to deny the application with substantial evidence. The circuit court rendered judgment in favor of the McDonalds and granted their application for a conditional-use permit. The City appeals the decision.

**STANDARD OF REVIEW**

¶10. On appeal, our Court will reverse a zoning authority's decision if "the decision was arbitrary, capricious, discriminatory, illegal, or without substantial evidence." *Waring Invs. Inc. v. City of Biloxi*, 307 So. 3d 1257, 1259 (¶5) (Miss. Ct. App. 2020) (internal quotation marks omitted) (citing *White v. City of Starkville*, 283 So. 3d 189, 192 (¶5) (Miss. Ct. App. 2019)). "Evidence is substantial when 'reasonable minds might accept it as adequate to support a conclusion.'" *Id*. (quoting *Trappey v. Newman*, 281 So. 3d 58, 61 (¶8) (Miss. Ct. App. 2019)).

**DISCUSSION**

¶11. The City claims that the circuit court erred in reversing the Council's decision to deny the McDonalds' conditional-use permit application. "Zoning issues that concern whether to grant or deny a request for a conditional use, or special exception, are adjudicative[.]" *Beasley v. Neelly*, 911 So. 2d 603, 607 (¶8) (Miss. Ct. App. 2005). The circuit court sits as an appellate court when reviewing a city or county board's zoning decision concerning special use exceptions; thus, the review is limited. *Short v. Williams*, 303 So. 3d 87, 96 (¶28) (Miss. Ct. App. 2020) (citing *Walters v. City of Greenville*, 751 So. 2d 1206, 1208-09 (¶9) (Miss. Ct. App. 1999)). "A reviewing court's obligation on appeal . . . is to determine whether the applicants proved by a preponderance of the evidence that they meet the conditions for a special exception." *Id*. (quoting *Drews v. City of Hattiesburg*, 905 So. 2d 719, 721 (¶4) (Miss. Ct. App. 2004)). If the municipal authority's decision "can be viewed as 'fairly debatable,' it will not be disturbed on appeal." *Beasley*, 911 So. 2d at 608 (¶12).

6

¶12. The City contends that the McDonalds failed to demonstrate by a preponderance of the evidence "that the conditional use sought by them was compatible with the neighborhood or that such use allows for the protection of property values and the ability of neighboring lands to develop uses permitted in the zoning district." The McDonalds respond that "[t]hey offered [by] a preponderance of the evidence that the proposed use of the property would meet all of the requisite standards" and that the Council's denial of the application "was unsupported by substantial evidence and was arbitrary and capricious."

¶13. We find that the record demonstrates that the McDonalds supported their request for the conditional use permit by a preponderance of the evidence. It is undisputed that the proposed use (short-term rental) complies with the applicable zoning district (RM-30). Director Creel also stated that the residence complied with all building ordinances and fire codes. The adjacent property, which previously had been part of the same parcel as a hotel, had already been approved for short-term rentals; across the street from the property is an apartment complex. We therefore agree with the McDonalds' assertion that "the subject property is compatible with the character of the surrounding lands and uses permitted in the zoning district of the surrounding lands."

¶14. The dissent, however, would find that the McDonalds' proposed use failed to meet two of the applicable conditional-use standards: "safe and convenient ingress and egress and traffic flow onto and through the site" and "protection of property values." We find that the record does not support such a finding. The McDonalds expended $70,000 in alterations to the property to minimize any potential adverse impact on the neighbors. They shortened the

7

height of the privacy fence to allow Mr. Trahan "more view from his back porch" as he and Councilman Lawrence had requested. Moreover, they moved the driveway from Avalon Street (which abutted the neighborhood) to St. George Street (which connected to Highway 90 and abutted the apartment complex across the street). Based on the evidence presented, we agree with the planning commission that the proposed use would "not cause substantial injury to other properties in the neighborhood in which located." Accordingly, we find the record supports the court's ruling that the McDonalds showed by a preponderance of the evidence that the subject property met the applicable standards.

¶15. The Council argues that even "if the nine conditions specified in the LDO for conditional use are met," the granting of a conditional use is not a right. *See Hall v. City of Ridgeland*, 37 So. 3d 25, 37 (¶35) (Miss. 2010) (noting that "a conditional use or special exception is effectively a license, granted by the [municipality], in its discretion, to allow a specified use of land within a given zoning district, so long as it is of benefit to the city and does not adversely affect adjacent landowners"). Such discretion, however, does not allow a municipal authority to deny a conditional-use permit arbitrarily and capriciously or without substantial evidence to support the decision. The court observed in its judgment that the Council did not make any findings regarding the nine conditional-use standards. The only mention of the standards was when Councilman Lawrence concluded prior to any discussion on the matter:

> And we said you have to meet the nine conditional uses according to our laws of the ordinances of the City of Biloxi. It does not, so I'm moving to deny C, because it does not meet the ordinance that we passed ourselves, this Council, the nine -- it had to qualify, and it says in there all nine conditional uses has to

8

be met by our law. That's what we put in. All nine uses have to be met to even consider it. Don't have to be passed, to even consider it. It does not.

Thereafter, testimony by city employees and the McDonalds rebutted that conclusion. The Mississippi Supreme Court has held that a municipal authority "should" make "specific findings of fact" when "granting or denying conditional use permits." *Barnes v. Bd. of Sup'rs of DeSoto Cnty.*, 553 So. 2d 508, 511 (Miss. 1989). In *Barnes*, however, the supreme court determined that "after reviewing the evidence," which consisted of a three-day hearing with "all parties having full opportunity to develop and present their respective opinions," the authority's "granting the conditional use permit . . . [was] tantamount to a finding of fact" that those questions had been considered. *Id*. at 511-12. Thus, we acknowledge that "[t]he absence of findings [by a municipal authority] does not necessarily warrant reversal." *Favre v. Hancock Cnty. Bd. of Sup'rs*, 52 So. 3d 463, 465 (¶5) (Miss. Ct. App. 2011).

¶16. Regardless, we find no error in the court's ruling that the Council's decision to deny the permit was arbitrary and capricious and not supported by substantial evidence. The supreme court has "defined an act as 'arbitrary' when 'it is not done according to reason or judgment, but depending on the will alone.'" *Hall*, 37 So. 3d at 36 (¶33) (quoting *Burks v. Amite Cnty. Sch. Dist.*, 708 So. 2d 1366, 1370 (Miss. 1998)). "'Capricious' has been defined as 'any act done without reason in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles.'" *Id*. (quoting *Burks*, 708 So. 2d at 1370).

¶17. As the circuit court observed, "the only comments that were made against the conditional-use approval were the lay opinion of a neighbor, Mr. Trahan, and the opinions

9

of Councilman Lawrence that lacked any foundation in the record." While other landowners had objected to the application's approval at the planning commission's hearing, they did not appear at the Council hearing, nor were their objections discussed. The dissent finds the residents' expressed concerns "significant" to the Council's decision to deny the permit. Yet, as discussed, the planning commission took those objections into consideration and nevertheless determined that the proposed permitted use would "not cause substantial injury to other properties in the neighborhood in which located." Nor does the record contain any substantial evidence showing there had been any adverse effect resulting from the already-existing apartment complex or the short-term rental of Foster's property. Lastly, as Councilperson Newman noted at the hearing, the subject property is on a parcel of land that formerly contained a commercial business, a hotel.

¶18. Considering that the adjacent property on that same parcel of land was approved for short-term rental and that the McDonalds spent $70,000 in improvements on the property to address their neighbors' expressed concerns, we find the Council's denial of the conditional-use permit, without any substantial evidence to support the decision, is the epitome of arbitrary and capricious. Accordingly, we affirm the circuit court's order rendering judgment in favor of the McDonalds and granting their application.

¶19. **AFFIRMED.**

**WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. CARLTON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WILSON, P.J. LAWRENCE, J., NOT PARTICIPATING.**

**CARLTON, P.J., DISSENTING:**

10

¶20. In accordance with our limited standard of review in this matter, I find that the Council's denial of the McDonalds' application for a conditional-use permit for short-term rental of their single-family residence was supported by substantial evidence and was not arbitrary and capricious. I would therefore reverse the circuit court's order and reinstate the Council's order denying the McDonalds the conditional-use permit requested. Accordingly, I respectfully dissent.

¶21. We sit as an appellate court—as did the circuit court; thus, we are bound to "employ[] a limited standard of review when considering the [Council's] actions." *Hopkins v. City of Mendenhall*, 176 So. 3d 148, 152 (¶14) (Miss. Ct. App. 2015). A decision on an application for a conditional use is adjudicative, so "a reviewing court subjects such decisions to the same standard as is applied to administrative agency adjudicative decisions." *Hall v. City of Ridgeland*, 37 So. 3d 25, 36 (¶33) (Miss. 2010). Accordingly, the Council's decision "is not to be disturbed unless the [Council's] order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the [Council's] scope or powers; or violated the constitutional or statutory rights of the aggrieved party." *Id.*

¶22. "An act is arbitrary and capricious when it is done at pleasure, without reasoned judgment[,] or with disregard for the surrounding facts and circumstances." *Nelson v. City of Horn Lake ex. rel. Bd. of Aldermen*, 968 So. 2d 938, 942 (¶10) (Miss. 2007). "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion or more than a mere scintilla of evidence." *Id.* (internal quotation marks omitted).

¶23.   In this case, the McDonalds were required to prove by a preponderance of the evidence that their proposed use of the property met all nine conditional-use standards necessary to obtain the use permit. *See Check Into Cash of Miss. Inc. v. City of Jackson*, 158 So. 3d 1252, 1258 (¶26) (Miss. Ct. App. 2015) (citing *Barnes v. Bd. of Sup'rs, DeSoto Cnty.*, 553 So. 2d 508, 511 (Miss. 1989)). The Council's decision denying the conditional-use permit "is tantamount to a finding of fact" by the Council that the McDonalds failed to prove they met all nine conditional-use standards. *See Barnes*, 553 So. 2d at 511. As a reviewing court, we must employ the "restricted scope of review" set forth above in determining whether the Council's decision may be disturbed. *Short v. Williams*, 303 So. 3d 87, 96 (¶28) (Miss. Ct. App. 2020). With these standards in mind, I find nothing arbitrary or capricious in the Council's decision. Indeed, I find that there is substantial evidence supporting the Council's conclusion that the McDonalds failed to introduce sufficient evidence that all nine standards were met.

¶24.   Specifically, I find that evidence in the record reasonably and adequately supports the conclusion that the McDonalds' proposed use would not meet conditional-use standards (g) and (h). Conditional-use standard (g) requires that "[t]he Conditional Use maintains safe and convenient ingress and egress and traffic flow onto and through the site by vehicles and pedestrians, and safe road conditions around the site." Conditional-use standard (h) requires, in relevant part, that the McDonalds prove that "[t]he Conditional Use allows for the protection of property values."

¶25.   At the May 17, 2022 council meeting, Councilman Lawrence moved to deny the

12

conditional-use permit, observing that the subject property is "sitting inside of a neighborhood." Further, although the address for the dwelling was changed from Avalon Street to St. George Avenue, Councilman Lawrence observed that the fact remains that the subject property "is not connected to Highway 90." I find this relevant because there is only one home in the neighborhood approved for short-term rentals. That property is south of the McDonalds' property, and it is located directly on Highway 90 across from the beach.

¶26. Additionally, six residents from the neighborhood surrounding the subject property voiced objections to the McDonalds' conditional-use request at the May 5, 2022 planning commission meeting. The entire record from that meeting was before the Council at the May 17, 2022 meeting. One of these neighbors also reiterated his objections at the May 17, 2022 meeting. These residents addressed their concerns that allowing use of the house for short-term rental was not compatible with the character of the surrounding neighborhood and would adversely affect their property values. They explained that short-term rental use was not in keeping with the neighborhood because the surrounding properties are single-family residences or long-term rental apartments except for the one home located directly on Highway 90 described above. These residents also expressed concerns that if the McDonalds were allowed to use their property for short-term rentals, it would have an adverse impact on the value of their own property, an adverse effect on their peaceful enjoyment of their property, and an adverse impact on the property values in the surrounding neighborhood. I find no evidence in the record that allays these concerns.

¶27. I further find that the residents' concerns are significant, bearing in mind that "a

13

conditional use . . . is effectively a license, granted by the . . . [Council], *in its discretion*, to allow a specified use of land within a given zoning district, so long as it is of benefit to the city *and does not adversely affect adjacent landowners*." *Hall*, 37 So. 3d at 37 (¶35) (emphasis added). The Council was within its discretion to deny the special use requested here.

¶28. In short, "[i]t is not the role of the judiciary to reweigh the evidence, but rather to verify if substantial evidence exists." *Childs v. Hancock Cnty. Bd. of Sup'rs*, 1 So. 3d 855, 861 (¶19) (Miss. 2009). If the Council's decision is "fairly debatable, we have no authority to disturb [that decision on appeal]." *Id.* at 859 (¶12) (internal quotation marks omitted).

¶29. In this case, the Council reviewed the entire record before it, including the record from the planning commission hearing, and gave the planning commission's recommendation "full consideration." Nevertheless, the Council denied the McDonalds' application "based upon a determination that the request does not meet the requirements of the Conditional Use for reasons discussed at the meeting." For the reasons I have discussed above, I find that the Council's denial of the McDonalds' application for a conditional-use permit was supported by substantial evidence and was not arbitrary and capricious. I would reverse the circuit court's order and reinstate the Council's order denying the McDonalds' application for a conditional-use permit for short-term rental of their single-family residence.

**WILSON, P.J., JOINS THIS OPINION.**